IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN M. HICKOX,
    Plaintiff,
    v.
PRIMECARE MEDICAL INC., et al.,
    Defendants

Case No. 3:15-cv-164-KRG-KAP

Report and Recommendation and Pretrial Order

Recommendation

The partial motion to dismiss at ECF no. 23 by the remaining defendants, Harzbecker and Hewitt, should be granted as set out below.

Report

Plaintiff Hickox filed a complaint alleging that medical care at the Cambria County Prison, where he was formerly an inmate, was inadequate. ECF no. 2. After screening the plaintiff's complaint as required by 28 U.S.C.§ 1915A, permitting amendment, and then screening the amended complaint filed at ECF no. 7 and finding no substantive differences between the two complaints as to defendants Malay and Primecare Medical, Inc., I ordered service only on defendants Harzbecker and Hewitt. The amended complaint adequately put defendant Harzbecker on notice of an alleged incident of deliberate indifference (the denial of treatment for a spider bite, described at ¶19), and defendant Hewitt on notice of an alleged incident of retaliation against plaintiff for

plaintiff's assistance to an inmate in the filing of a grievance (the filing of a misconduct described in ¶21).

Upon service, defendants Harzbecker and Hewitt filed a motion to dismiss and brief in support, ECF no. 23, ECF no. 24, to which plaintiff has responded, ECF no. 26, ECF no. 27. There are two alleged incidents of deliberate indifference by Harzbecker: 1) the denial of treatment for a spider bite in April 2015, and 2) a denial of treatment for bleeding in February 2015 that is discussed in plaintiff's brief as allegedly Harzbecker's fault. It was in the amended complaint without attribution of responsibility to Harzbecker at ¶15.

Plaintiff's amended complaint, after setting forth the allegations, asserts three counts: 1) deliberate indifference by all defendants for any denial of care at any time; 2) violation of the patient privacy requirements of the Health Insurance Portability and Accountability Act of 1996 (HIPAA); and 3) retaliation by defendants Harzbecker and Hewitt. According to the amended complaint at ¶39, defendant Harzbecker allegedly denied plaintiff treatment of his spider bite in retaliation for plaintiff's filing of grievances, not just from deliberate indifference; defendant Hewitt allegedly retaliated by issuing a

misconduct report against plaintiff. According to plaintiff's brief, this action took place on June 11, 2015.

The motion to dismiss challenges Count II in its entirety and the portion of Count I naming Hewitt as a defendant for alleged deliberate indifference. Count III is not challenged.

Count II must be dismissed. The Secretary of Health and Human Services enforces HIPAA, and the Secretary's regulations expressly deny a private right of action. 65 Fed.Reg. 82601 (Dec. 28, 2000) ("Under HIPAA, individuals do not have a right to court action."). Because HIPAA provides both civil and criminal penalties for improper disclosures of medical information. 42 U.S.C.§§ 1320d-5,6 and limits enforcement of the statutory penalties to the Secretary of Health and Human Services, there is a strong presumption against implying a private right of action. See Acara v. Banks, 470 F.3d 569, 571 (5th Cir.2006). As defendants point out, the lower courts have uniformly rejected a private right of action.

Count I, as I already determined in screening the complaint and amended complaint before ordering service, failed to state a claim complying with Fed.R.Civ.P. 8 by making a blanket allegation that all defendants acted with deliberate indifference in any denial of care at any time. As noted, there are two alleged

3

incidents that involve defendant Harzbecker that are not challenged at this time. Defendant Hewitt argues that she is not adequately charged with deliberate indifference for any specific incident. Plaintiff agrees that defendant Hewitt is not liable for deliberate indifference. ECF no. 26, ¶15. Count I should be dismissed as to defendant Hewitt.

What remains of this matter is a portion of Count I, namely, two allegations of deliberate indifference by defendant Harzbecker, and Count III's allegations that one of Harzbecker's denials of care was retaliatory and that Hewitt cited plaintiff for misconduct in retaliation for filing grievances.

Pending further order of Court, discovery shall be completed by September 30, 2016. Any motions for summary judgment and supporting pleadings shall be filed on or before October 31, 2016 (each party may reply to the other party's motion within twenty days thereafter). Filing of pretrial statements shall be scheduled after any motions for summary judgment have been decided.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: 21 June 2016

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

> Justin Hickox MD-0067
> S.C.I. Benner
> 301 Institution Drive
> Bellefonte, PA 16823