IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN M. HICKOX,
    Plaintiff,
    v.
PRIMECARE MEDICAL INC., et al.,
    Defendants

Case No. 3:15-cv-164-KRG-KAP

## Report and Recommendation

### Recommendation

The plaintiff's motion for summary judgment, ECF no. 29 should be denied, and summary judgment in part entered in favor of defendant Harzbecker.

### Report

Plaintiff Hickox filed a complaint, subsequently amended, alleging that his medical care at the Cambria County Prison was inadequate. Reports and Recommendations recommending dismissal of portions of the complaint for failure to state a claim and recommending the granting in part of a motion to dismiss by defendants Harzbecker and Hewitt are pending: See ECF no. 3, ECF no. 28. Plaintiff now files a motion for summary judgment, ECF no. 29, alleging that defendants Harzbecker and Hewitt "have admitted to the allegations in the complaint." ECF no. 30 at 6.

The defendants have not admitted anything. Plaintiff either misunderstands or mis-states the record. His attachment to his brief of portions of the notes of the medical department does

not prove or even suggest liability for the claims in this matter, two instances of deliberate indifference by Harzbecker, one instance of retaliation by Harzbecker and one instance of retaliation by Hewitt.

To the contrary, what Exhibit A, Exhibit B, and Exhibit C collectively show is that plaintiff presented himself many times to the medical department for many complaints, and that at approximately 4:00 p.m. on April 20, 2015, he presented himself to defendant Harzbecker with a complaint of a spider bite. Plaintiff's claim based on this incident (except that he alleged that it happened in May 2015) is described in the original complaint and in the amended complaint at ¶¶18-19. Harzbecker examined plaintiff, confirmed a reddened area that was consistent with a bite, told plaintiff that she would call to see if an antibiotic would be ordered, and subsequently called in an order. A 7-day course of Bactrim twice a day beginning April 21 and ending April 27 was approved at 10:41 p.m. by a David Burwell, M.D.

Plaintiff's claim, as sharpened by his motion for summary judgment, is therefore that Harzbecker was deliberately indifferent because at some point during the six hours between his examination and the approval of treatment plaintiff felt ill, asked the block officer to call Harzbecker, and Harzbecker relayed through the

block officer that "she wasn't giving anything because the officer called and bothered her." See Amended Complaint ¶19. As a result "he was left all of this time without treatment, feeling paralyzed and ill." ECF no. 30 at 4.

Summary judgment can be entered against a moving party where it is clear there is no genuine issue of fact as to any material issue. Fed.R.Civ.P. 56(f)(1). Plaintiff, by clarifying the allegations in his complaint with the exhibits presented in his motion, has made it clear there is nothing to support a claim of deliberate indifference. Harzbecker examined plaintiff and took a course of treatment that plaintiff does not even allege was improper. That Harzbecker allegedly did not do an undefined something more for plaintiff when he felt ill later would have significance only if that feeling of illness itself signified a serious medical need. There is nothing to support that. There is no claim in either the original or the amended complaint that starting the antibiotic on April 21 was improper or insufficient, or that plaintiff needed any medical treatment beyond the antibiotic.

Plaintiff apparently believes that a jury could find Harzbecker liable (for what injury, it is not clear) upon proof that: 1) she yelled at the block officer that "she wasn't giving

anything;" and 2) she failed to re-examine a patient she had examined within the past few hours **and** do an undefined something else based on the patient's statement that he was "feeling ill." This is not the case.

Liability for deliberate indifference requires that the defendant be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and that the defendant actually draw the inference, see Farmer v. Brennan, 511 U.S. 825, 837 (1994). Accepting for now that a spider bite initially gave rise to a serious medical need, Harzbecker quite obviously had responded to that need with a course of treatment plaintiff does not even criticize. Plaintiff's subsequent complaint that he felt "ill" added only one fact to Harzbecker's knowledge. Plaintiff does not remotely explain how "feeling ill" is a serious medical need, much less how Harzbecker, on the basis of plaintiff's statement, could be found to have actually drawn the conclusion that plaintiff had a serious medical need that required some new treatment, much less found to have injured plaintiff by failing to provide it.

Can it seriously be contended that an inmate's claim after treatment that he is feeling ill imposes legal liability on the prison medical staff for not adding to the treatment

4

prescribed, regardless of the propriety of the treatment prescribed? In the world outside prison, if a person who had been seen in the emergency room for a spider bite and had been prescribed a course of antibiotics were to call the ER hours later and say "I feel sick" would that person have even a negligence claim anywhere in the United States if the ER doctor replied "I'll bet you do, your course of antibiotics starts tomorrow morning" and did nothing further? No, and no.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: 27 July 2016

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Justin Hickox MD-0067
S.C.I. Benner
301 Institution Drive
Bellefonte, PA 16823