IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN M. HICKOX, | ) | Case No. 3:15-cv-164 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE KEITH A. |
| | ) | PESTO |
| PRIMECARE MEDICAL, INC., THOMAS | ) | |
| MALAY, CHRISTINA HARZBECKER, | ) | |
| and LISA HEWITT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On June 15, 2015, Justin M. Hickox filed this case against PrimeCare Medical, Inc., Thomas Malay, Christina Harzbecker, and Lisa Hewitt for alleged civil-rights violations that occurred at the Cambria County prison while Hickox was incarcerated there. In his complaint (ECF No. 2), Hickox explained that PrimeCare is the contracted provider for medical services at the Cambria County prison, that Malay is the medical administrator at the prison, and that Harzbecker and Hewitt are licensed practical nurses at the prison. In his original complaint Hickox alleged two grounds for relief: deliberate indifference to medical needs (presumably under the Eighth Amendment to the U.S. Constitution) and retaliation (presumably under the First Amendment).

Pursuant to 28 U.S.C. § 636 and Local Civil Rule 72, Hickox's case was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings. After screening Hickox's complaint pursuant to 28 U.S.C. § 1915A, the magistrate judge issued an order, report and recommendation (ECF No. 3), recommending that Hickox's complaint be dismissed as to PrimeCare and Malay. The magistrate judge found that Hickox had failed to allege facts that would support the inference that either PrimeCare or Malay was deliberately indifferent to a serious medical need or had retaliated against Hickox. The magistrate judge opined that PrimeCare appeared to be named only because it employed Harzbecker and Hewitt, and that

Malay appeared to be named only because he is the medical administrator at the prison. Federal claims against state or local actors for civil-rights violations are brought under 42 U.S.C. § 1983, and—as the magistrate judge explained—§ 1983 claims cannot be predicated on a theory of respondeat superior or vicarious liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693-94 (1978); *Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013). The magistrate judge thus recommended that the claims against PrimeCare and Malay be dismissed, but granted Hickox leave to amend his complaint as to PrimeCare and Malay.

Hickox timely filed both objections to the magistrate judge's report and recommendation (ECF No. 5) and an amended complaint (ECF No. 8). Hickox's amended complaint added—among other things—a claim for violations of the Health Insurance Portability and Accountability Act of 1996, also known as HIPAA. A year later, after some issues effecting service, Harzbecker and Hewitt filed a motion to dismiss some of Hickox's claims for failure to state a claim (ECF No. 23). The magistrate judge thereafter issued another report and recommendation (ECF No. 28), wherein he explained that he had screened Hickox's amended complaint when it was filed, found no substantive differences with the original complaint, and had therefore ordered service only on Harzbecker and Hewitt.[1] The magistrate judge also recommended that Harzbecker and Hewitt's motion to dismiss be granted. Specifically, the magistrate judge recommended that (1) Hickox's claim for deliberate indifference be dismissed as to Hewitt because Hickox had not alleged sufficient facts to support an inference of liability on her part, and (2) that Hickox's HIPAA claim be dismissed in its entirety because HIPAA does not allow for a private right of action.

Hickox filed no objections to the magistrate judge's second report and recommendation. Instead, he moved for summary judgment on his deliberate-indifference claim against Harzbecker and his retaliation claim against Hewitt (ECF No. 29). Hickox attached a total of three pages of medical records to his brief in support of his motion (ECF

---

[1] Although the magistrate judge stated in his first report and recommendation that he would order service on Malay and PrimeCare if Hickox successfully amended his complaint, the magistrate judge appears to have screened Hickox's amended complaint without making any record of it at the time he ordered service on Harzbecker and Hewitt.

No. 30), and contended that he was entitled to summary judgment because Harzbecker and Hewitt had "admitted to the allegations in the complaint" in their filings. (ECF No. 30 at 6.) At this point some additional detail is appropriate; Hickox's deliberate indifference claims are based on two specific incidents, one involving a spider bite and one involving rectal bleeding. Both these incidents—as Hickox has clarified in his filings (*see, e.g.*, ECF No. 30 at 4)—were alleged to involve Harzbecker.

In response to Hickox's motion for summary judgment, the magistrate judge issued a third report and recommendation (ECF No. 34), recommending that Hickox's motion be denied because Hickox had failed to prove liability on the part of Harzbecker and Hewitt. The magistrate judge recommended also that summary judgment be entered in part in favor of Harzbecker—apparently as to the deliberate-indifference claim based on the spider-bite incident. Notably, by this point no defendant had yet moved for summary judgment.

Hickox timely filed objections to the magistrate judge's third report and recommendation (ECF No. 36). He took issue with the magistrate judge's determination that Hickox had failed to establish his deliberate-indifference claim against Harzbecker, but provided no new arguments or proof. Harzbecker and Hewitt thereafter moved for summary judgment (ECF No. 41) on the deliberate-indifference claim against Harzbecker and the retaliation claims against both Harzbecker and Hewitt.

On January 3, 2017, the magistrate judge issued a fourth report and recommendation (ECF No. 49), recommending that summary judgment be entered in favor of Harzbecker and Hewitt on all remaining claims. The magistrate judge concluded that—based on the ample medical records for Hickox provided by Harzbecker and Hewitt—Hickox received treatment for both the spider bite and his rectal bleeding, and that his deliberate-indifference claim therefore failed. As for his retaliation claims, the magistrate judge found those claims failed as to Harzbecker because there was no genuine dispute as to adverse action and as to Hewitt because there was no genuine dispute as to causation.

Hickox did not object to the magistrate judge's fourth report and recommendation, and the Court now holds as follows:

The magistrate judge's first report and recommendation (ECF No. 3) is adopted in full as the opinion of this Court. Hickox has not alleged facts to support the inference that PrimeCare or Malay were deliberately indifferent to a serious medical need or retaliated against Hickox. And neither Hickox's objections to the magistrate judge's first report and recommendation (ECF No. 5) nor Hickox's amended complaint (ECF No. 7) are sufficient to survive dismissal; although Hickox makes more conclusory allegations regarding PrimeCare and Malay, he identifies no specific acts or omissions on their part that would support liability.

It is therefore **ORDERED** that PrimeCare and Malay are **DISMISSED** from this case.

The magistrate judge's second report and recommendation (ECF No. 28) is also adopted in full as the opinion of this Court. Neither Hickox's original complaint (ECF No. 2) nor his amended complaint (ECF No. 8) contains sufficient facts for his claim of deliberate indifference against Hewitt to proceed. His allegations occasionally refer generally to "the Defendants," or "the medical staff," but at no point does he identify a specific act or omission by Hewitt that would support a claim of deliberate indifference. And the magistrate judge concluded correctly that HIPAA does not provide a private cause of action. *See Henderson v. Borough of Baldwin*, No. 15-cv-1011, 2016 WL 5106945, at *6 (W.D. Pa. Sept. 20, 2016) (citing cases).

Thus, defendants' partial motion to dismiss (ECF No. 23) is **GRANTED**. Hickox's claim of deliberate indifference against Hewitt and his HIPAA claim in its entirety are **DISMISSED**.

The magistrate judge's third report and recommendation (ECF No. 34) is adopted in part as the opinion of this Court. Specifically, the Court accepts the magistrate judge's recommendation that Hickox's motion for summary judgment be denied, and adopts the discussion in support of that recommendation. But the Court does not accept the recommendation in the third report and recommendation that summary judgment be entered in part in favor of Harzbecker. Defendants had not yet filed for summary judgment when this report and recommendation was issued, and it is not clear that the factual record

-4-

presented at the time established the absence of a genuine dispute of material fact required for summary judgment. Although Federal Rule of Civil Procedure 56(f) authorizes a court to grant or consider summary judgment on its own initiative, this Court cannot conclude that summary judgment in favor of Harzbecker was appropriate simply because Hickox had failed to meet his burden for summary judgment. Thus, the Court adopts the third report and recommendation as it relates to Hickox's motion for summary judgment.

Hickox's motion for summary judgment (ECF No. 29) is therefore **DENIED**.

Similarly, the magistrate judge's fourth report and recommendation (ECF No. 49) is adopted in part as the opinion of this Court. The magistrate judge initially suggested in that report and recommendation that he was proceeding under the assumption that his prior reports and recommendations would be adopted (*see* ECF No. 49 at 2), which would leave three claims in the case: the deliberate-indifference claim against Harzbecker based on the rectal-bleeding incident, and a retaliation claim against both Harzbecker and Hewitt. But the magistrate judge also addressed the deliberate-indifference claim based on the spider-bite incident. And as the magistrate judge found, the evidence in this case establishes that Hickox received treatment for both incidents. There is thus no genuine dispute of material fact as to Hickox's deliberate-indifference claims. As for the retaliation claims, Hickox has not presented any evidence to raise a genuine dispute of material fact as to adverse action or causation. Summary judgment in favor of Harzbecker and Hewitt on all remaining claims is therefore appropriate.

There are, however, portions of the magistrate judge's fourth report and recommendation that the Court does not adopt. The Court agrees with the magistrate judge's recitation of the relevant law as well as its application to the facts of this case. But the Court rejects the magistrate judge's discussion of the need to "look up from the individual case and see the larger trend of frequent filer inmates" (ECF No. 49 at 7), and his reliance on the timing of Hickox's pleadings and allegations (ECF No. 49 at 14-15). Those portions of the report and recommendation are unnecessary for the resolution of defendants' summary judgment motion, and irrelevant under the applicable legal standard.

Thus, defendants' motion for summary judgment (ECF No. 41) is **GRANTED**.

Because this memorandum order resolves all claims in this case the Clerk shall mark this matter closed.

BY THE COURT:

Dated: February 3, 2017

KIM R. GIBSON
**UNITED STATES DISTRICT JUDGE**